1/30/2020 1:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40424626
By: Courtni Gilbert
Filed: 1/30/2020 1:52 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GIULIA "GIGI" SPORTELLI | § § § § | IN THE DISTRICT COURT |
| v. | § § | _____ JUDICIAL DISTRICT |
| METROMILE INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

GUILIA "GIGI" SPORTELLI, Plaintiff in the above referenced case, complains of METROMILE INSURANCE COMPANY, Defendant in the above referenced case and for cause of action shows:

### DISCOVERY

1. Pursuant to Texas Rules of Civil Procedure 190, Plaintiff intends to conduct discovery under Level 2.

### PARTIES

2. Plaintiff is an individual residing in Harris County, Texas.

3. Defendant, Metromile Insurance Company, hereinafter "Metromile," is an insurance company doing business in Texas and may be served with process by serving its agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### VENUE

4. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.032 venue is proper in Harris County, because the automobile accident giving rise to this claim occurred in Harris County, Texas.

### CONDITIONS PRECEDENT

5. Plaintiff alleges that all conditions precedent to Defendant's liability have either occurred or have been satisfied.

EXHIBIT D

## FACTS AND NEGLIGENCE

6. On or about December 8, 2018, Plaintiff was operating her vehicle in a cautious and prudent manner traveling eastbound on Patton Street, in Houston, Harris County, Texas. At that time, an unknown vehicle side-swiped Plaintiff's vehicle on the right side, causing the Plaintiff's air bags to deploy and causing significant damage to Plaintiff's vehicle. The unknown driver did not stop after the accident and left the scene.

7. The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence of the unknown driver for a variety of acts and omissions, including but not limited to one or more of the following:

   a. In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

   b. In operating said vehicle in a careless and reckless manner;

   c. In failing to keep a proper lookout;

   d. In failing to keep said vehicle under reasonable and proper control;

   e. In failing to pay full time and attention;

   f. In failing to control speed;

   g. In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances;

   h. In failing to yield the right of way; and

   i. In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

8. Plaintiff was the owner of an underinsured motorist policy (UIM) with Metromile. The policy provides coverage for Plaintiff in the event she sustains damages in an accident caused by a motorist who is underinsured or uninsured.

9. Although Plaintiff has provided Defendant with appropriate documentation confirming her economic damages, Defendant, Metromile has refused to settle Plaintiff's underinsured/uninsured policy claim.

10. Under the underinsured/uninsured motorist policy with Defendant Metromile, Plaintiff is entitled to recover her damages up to the policy limits for damages sustained from the auto accident with the underinsured/uninsured motorist. Defendant Metromile's refusal to consider the extent of Plaintiff's damages, violates the terms of their insurance contract.

## DECLARATORY JUDGMENT

11. Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that she is entitled to recover from Defendant, Metromile her damages resulting from the motor vehicle collision the subject of this suit, that those damages fall within the coverage afforded her under the policy with Defendant Metromile, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendant Metromile is obligated to pay.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12. The evidence in this case establishes that Defendant Metromile breached its duty to act in good faith and fairly deal with Plaintiff in that Defendant Metromile has no reasonable basis for refusing to tender the policy limits under the Underinsured Motorist protection coverage. As a consequence, Defendant Metromile is liable for actual damages, punitive damages and other relief as pled for in this petition.

## LIABILITY UNDER TEXAS INSURANCE CODE

13. Defendant Metromile's failure to attempt to effectuate a prompt, fair and equitable settlement with respect to which defendant's liability has become reasonably clear and its failure to promptly pay the claim violates TEX. INS. CODE §§ 541.060 and 542.051 et seq.

## DAMAGES

14. Defendant's conduct is a proximate and producing cause of damages to Plaintiff. Specifically, Plaintiff's damages include unpaid benefits, and interest on the amount of her claim at a rate of 18 percent per year.

15. Plaintiff seeks only monetary relief over $200,000 but no more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ATTORNEYS' FEES

16. As a result of Defendant's conduct, Plaintiff has incurred attorneys' fees through trial and appeal.

## JURY DEMAND

17. Plaintiff requests a trial by jury and hereby tenders the requisite jury fee.

## PRAYER

18. WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendant for:

    a. All actual damages;

    b. All damages recoverable pursuant to all statutes cited herein;

    c. Reasonable attorneys' fees;

    d. Declaratory relief as outlined in the petition;

    e. Prejudgment interest as provided by law;

    f. Post-judgment interest as provided by law from the date of judgment until paid;

    g. Costs; and

    h. For such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**KLITSAS & VERCHER, P.C.**

By: <u>*/s/ Loren G. Klitsas /s/*</u>
     **Loren G. Klitsas**
     **SBN: 00786025**
     550 Westcott, Suite 570
     Houston, Texas 77007
     Tel: (713) 862-1365
     Fax: (713) 862-1465
     Email: klitsas@kv-law.com